UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DELPHI AUTOMOTIVE SYSTEMS LLC,  )<br>           Plaintiff,                                        )<br>                                                              )<br>    vs.                                                    )<br>                                                              )<br>SHINWA INTERNATIONAL HOLDINGS )<br>LTD et al,                                            )<br>           Defendant.                                   ) | 1:07-cv-0811-SEB-JMS |

## **ENTRY REGARDING DEPOSITIONS**

Pursuant to the magistrate judge's entry of July 16, 2008 (Dkt. # 80), the parties have submitted relevant case law regarding the issue of the location of depositions of five individuals, as detailed in the July 16th entry. Being duly advised, the magistrate judge rules as follows.

At issue is the location of the depositions as well as the timing of trial depositions. Defendants Shinwa International Holdings LTD and Samtech Corporation (collectively referred to as "Shinwa" herein) seek to depose five of their current or former employees in Tokyo, Japan. Plaintiff Delphi Automotive Systems LLC ("Delphi") objects to the location of the depositions, but will agree to conduct the depositions in a west coast city of the United States of Shinwa's choosing, such as Los Angeles, San Francisco, or Seattle, and to split the costs associated with the deponents travel to the U.S. Defendants Multitronics, Inc. and Mtronics.com, Inc. (collectively referred to as "Mtronics" herein) take a position only with respect to the deposition of Mr. Tae Ho Kim ("Kim"), urging the Court to allow the deposition to proceed in Japan. With respect to the other four deponents, Mtronics defers to the judgment of the Court.

*Deposition of Tae Ho Kim*

Addressing the deposition of Kim first, Shinwa asserts that because Kim is a former

employee, it does not have control over him in order to compel his attendance at a deposition. Kim resides in Japan, thus the desire for his deposition to occur there. Mtronics claims that Kim is an important witness for it, and therefore, if Shinwa has obtained an agreement from him to appear for a deposition in Japan, it urges the Court to allow his deposition to proceed there. Delphi claims that it has no information upon which to make a legal argument regarding the location of Kim's deposition because his deposition has not even been noticed. It does point out, however, that despite Shinwa's assertion that it has no control over Kim, Shinwa's preliminary witness list, while noting Kim is a former employee of Samtech Corporation, lists his contact information as that of counsel for Shinwa.

Given this inconsistency, the Court is unable to make a proper determination at this time as to the appropriate location for Kim's deposition, especially given that a deposition for Kim has not actually been noticed. The parties are ordered to endeavor to resolve any issues about Kim's deposition, after efforts are made to determine his availability for deposition in the United States.

*Remaining Four Depositions*

The civil rules do not specify the location where depositions should occur. Generally, a party may choose the location for deposing an opposing party, subject to the granting of a protective order by the Court designating a different location. *New Medium Techs. LLC v. Barco N.V.,* 242 F.R.D. 460, 465 (N.D. Ill. 2007) (citing Rule 26(c)(2), Federal Rules of Civil Procedure; 8A C. Wright & A. Miller, *Federal Practice and Procedure,* § 2112 at 72-73 (1994); *Adair v. Hunt Intern. Resources Corp.,* 1987 U. S. Dist. LEXIS 14075, 1987 WL 10961, *1 (N.D. Ill. May 13, 1987); *Cadent Ltd. v. 3M Unitek Corp.,* 232 F.R.D. 625, 628 (C.D. Cal. 2005)). Many courts have referred to a "presumption" that the deposition of a corporation

should be taken at its principal place of business.  *See, e.g., Custom Form Mfg., Inc. v. Omron Corp.,* 196 F.R.D. 333, 336 (N.D. Ind. 2000); *Thomas v. International Business Machines,* 48 F.3d 478, 483 (10th Cir. 1995); *Salter v. Upjohn Co.,* 593 F.2d 649, 651 (5th Cir. 1979).

However, the determination as to the location of a deposition is "ultimately an exercise in the vast discretion a district court has in supervising discovery." *New Medium Techs.,* 242 F.R.D. at 462.  In light of a court's substantial discretion in determining the site of a deposition, however, "the presumption appears to be merely a decision rule that facilitates determination when other relevant factors do not favor one side over the other." *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.,* 171 F.R.D. 135, 155 (S.D.N.Y. 1997).

Indeed, "[w]hen a foreign corporation is doing business in the United States, is subject to the court's jurisdiction, and has freely taken advantage of our federal rules of discovery, exceptions to the general rule on the location of depositions are often made." *Custom Form Mfg. v. Omron Corp,* 196 F.R.D. 333, 336 (N.D. Ind. 2000)(collecting cases).  Factors to be considered include whether the time, expense, and inconvenience of travel present a hardship for the deponent, *Afram Export Corp. v. Metallurgiki Halyps, S.A.,* 772 F.2d 1358, 1365 (7th Cir. 1985), the ability of the Court to intervene in the event a dispute arises, *Custom Form,* 196 F.R.D. at 336, the location of counsel for the parties, and whether the persons sought to be deposed engage in travel for business purposes. *Cadent Ltd. v. 3M Unitek Corp.,* 232 F.R.D. 625, 629 (C.D. Cal. 2005).  Accordingly, "[c]orporate defendants are frequently deposed in places other than the location of the principal place of business, especially when the deposition site is the forum most convenient to all parties and that which best serves the general interests of judicial economy." *Custom Form,* 196 F.R.D. at 338.

In the end, however, balancing these factors can lead two courts faced with virtually

identical facts to arrive at opposite conclusions, both having appropriately exercised their discretion.  *New Medium Techs.*, 242 F.R.D. at 462, comparing *United States v. Boyd,* 55 F.3d 239 (7th Cir. 1995) with *United States v. Williams,* 81 F.3d 1434 (7th Cir. 1996).  Thus, it is unsurprising that both Shinwa and Delphi have cited cases that support their position.  However, "all are fact-intensive; none are outcome-determinative." *Id.* at 462.

       The most significant factor in making the determination as to where the depositions at issue should take place, in this Court's view, is the ability of the Court to intervene should a dispute arise.  As Magistrate Judge Christopher Nuechterlein of the Northern District of Indiana observed in *Custom Form*, if the depositions take place in Japan (as so happens to be the case in this matter as well as in *Custom Form*), "this court's authority to intervene, if it should become necessary, is compromised whether there are stipulations or not.  First, the court's authority would be compromised by sovereignty issues if depositions took place in Japan, rather than in the United States.  If a federal court compels discovery on foreign soil, foreign judicial sovereignty may be infringed, but when depositions of foreign nationals are taken on American or neutral soil, courts have concluded that comity concerns are not implicated.  Second, the court's authority is compromised by distance.  Without a federal judge or magistrate in Japan, it would be difficult to resolve discovery disputes that might arise in this matter." *Custom Form,* 196 F.R.D. at 336-37 (internal quotations and citations omitted).

       Accordingly, the Court concludes that the best way to protect the discovery process in this case, and to avoid sovereignty issues that might arise, is to order that the depositions occur in the United States.  Other factors support the Court's conclusion as well.

       Delphi's quite reasonable offer to split the costs associated with the depositions with Shinwa alleviates any financial concerns of the deponents while also fairly distributing the costs

between the parties, both of whom have expressed a mutual desire to depose at least one of the witnesses, Ms. Tso.  Although travel to the United States may impose some hardship for the witnesses, Delphi has sought to minimize the hardship by allowing Shinwa to choose a west coast city for the depositions.  In addition, there is some suggestion that one or more of the witnesses regularly travels to the U.S. or has traveled in the past to the U.S. Although apparently only Ms. Tso speaks English fluently, counsel for Shinwa stated two of the witnesses do not speak "good English," indicating they at least speak some English.  Further, counsel for Delphi indicates interpreters should be readily available in the major west coast cities.

While Shinwa makes much of the fact that most of the cases cited by Delphi involve depositions of 30(b)(6) witnesses, it points to no authority for the proposition that the analysis concerning the location of depositions of non-30(b)(6) corporate witnesses is any different than that undertaken above.  In fact, one of the cases cited by Shinwa as involving only 30(b)(6) depositions actually involved depositions of both a 30(b)(6) deposition of the corporation *and* the depositions of three of the corporations' officers and one of its employees.  *Cadent Ltd.,* 232 F.R.D. at 628.  That court applied its analysis to all of the depositions, making no distinction between the 30(b)(6) deposition and the depositions of the other corporate witnesses.

Therefore, for the reasons stated above, the depositions of Ms. Tso, Mr. Sato, Mr. Kawashima, and Mr. Hajisuka shall take place in the United States, in a west coast city of Shinwa's choosing, with the travel costs of the deponents to be equally split between Delphi and Shinwa.

*Timing of Trial Depositions*

Shinwa needs to conduct trial depositions of some, or perhaps all, of these witnesses. Delphi asserts that because discovery is not yet complete, and a discovery deposition of these

witnesses has not yet occurred, it is not in a position to prepare for a trial deposition. Consequently, Delphi wishes to conduct discovery depositions first, and argues Shinwa may then conduct whatever trial depositions may be necessary within 45-60 days after the discovery depositions. Shinwa counters that Delphi's claim that it is not ready to take trial depositions is groundless, asserting the technical issues that will be discussed in the depositions were well known, and well documented, long before this case began. In addition, the parties have litigated the same issues in a prior case.

      The Court isn't able to decide on the record before it what Delphi should know due to prior litigation or communication. In light of the current document discovery dispute between the parties (as discussed in the July 16th entry), as well as Delphi's earlier expressed desire to depose at least one of the four witnesses, the Court finds conducting discovery depositions first to be reasonable. Therefore, discovery depositions shall occur first, with any trial depositions (should Shinwa still consider them necessary) to occur not less than 30 days after the discovery depositions. The trial depositions of any of the four witnesses shall also be conducted within the Unites States. Counsel shall use best efforts to schedule all depositions (both discovery and for trial) by mutual agreement and in any event with no less than 30 days notice.

**SO ORDERED.**

07/23/2008

                                                      Jane Magnus-Stinson
                                                    United States Magistrate Judge
                                                    Southern District of Indiana

Distribution:

Michelle K. Bartley
PRICHARD HAWKINS MCFARLAND & YOUNG
mbartley@phmy.com

Charles Edward Brown
DELPHI WORLD HEADQUARTERS
charles.e.brown@delphi.com

Paul J. Brown
GREENBERG TRAURIG, LLP
brownpa@gtlaw.com

Sean P. Burke
BARNES & THORNBURG LLP
sean.burke@btlaw.com

Jan M. Carroll
BARNES & THORNBURG LLP
jan.carroll@btlaw.com

Timothy P. Cummins
BRADLEY ARANT ROSE & WHITE LLP
tcummins@bradleyarant.com

Shari L. Heyen
GREENBERG TRAURIG, LLP
heyens@gtlaw.com

Brian S. Kenworthy
KATZ & KORIN P.C.
bkenworthy@katzkorin.com

Offer Korin
KATZ & KORIN P.C.
okorin@katzkorin.com

Mary-Olga Lovett
GREENBERG TRAURIG, LLP
lovettm@gtlaw.com

Kimberly B. Martin
BRADLEY ARANT ROSE & WHITE LLP
kmartin@bradleyarant.com

Brendan K. McBride
PRICHARD HAWKINS MCFARLAND & YOUNG LLP
bmcbride@phmy.com

Christopher C. Miller
GREENBERG TRAURIG, LLP
millerc@gtlaw.com

David R. Montpas
PRICHARD HAWKINS MCFARLAND & YOUNG LLP
dmontpas@phmy.com

David McDonald Prichard
PRICHARD HAWKINS MCFARLAND & YOUNG LLP
dprichard@phmy.com

Robert B. Thornburg
LOCKE REYNOLDS LLP
rthornburg@locke.com

Linda L. Vitone
KATZ & KORIN P.C.
lvitone@katzkorin.com

Kevin M. Young
PRICHARD HAWKINS MCFARLAND & YOUNG
kyoung@phmy.com

Sally F. Zweig
KATZ & KORIN P.C.
szweig@katzkorin.com